HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Cary Brinkley, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Mark S. Barnhart, an individual.<br><br>　　　　　　　　　　Defendant. | NO. 2:22-cv-00219-JHC<br><br>**STIPULATED PROTECTIVE ORDER RELATED TO SUBPOENA FOR RECORDS TO PROLIANCE SURGEONS, INC.** |

THIS MATTER having come to be heard pursuant to agreement for the entry of Stipulated Protective Order ("Order") consistent with Federal Rule of Civil Procedure 26(c) and the Court being fully advised in the premises:

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Scope.** Discovery, including documents produced by third parties in this action, may involve the production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, all materials produced or adduced in response to the discovery subpoenas served in this matter by any party to this lawsuit on Proliance Surgeons, Inc. (a "third party") designated "Confidential Information" as defined below, shall be subject to this Order concerning Confidential Information as defined below.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" (a "Protected Document") by Proliance Surgeons, Inc. ("Proliance") that falls within one or more of the following categories: (a) Information related to medical and mental health conditions, care, and services of and for CARY BRINKLEY, MARK BARNHART and/or any other past or current employee of Proliance; or (b) unless the parties otherwise agree in writing, all documents and/or information related to CARY BRINKLEY, MARK S. BARNHART, and/or any other past or current employee of Proliance for which there is a reasonable expectation of privacy pursuant to a recognized and established common law or statutory right of confidentiality, including without limitation, social security number, date of birth, and financial information, and which documents are marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER". Information or documents that are available to the public may not be designated as Confidential Information.

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-00219-JHC

Page 1

The Bruning Law Firm, P.C.
4055 Lake Washington Blvd., NE, Suite 235
Kirkland, Washington 98033
Phone: (206) 590-1383

3.     **Designation.**  (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. (b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4.     **Protection of Confidential Material.**   (a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. (b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as to the Qualified Individuals defined in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of Qualified Individuals may be allowed to review Confidential Information:

(1)  Counsel. Counsel for the parties and/or Proliance and employees of counsel who have responsibility for the action;

(2)  Parties. Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)  The Court and its personnel;

(4)  Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)  Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)  Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)  Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant

STIPULATED PROTECTIVE ORDER  
Case No. 2:22-cv-00219-JHC

The Bruning Law Firm, P.C.  
4055 Lake Washington Blvd., NE, Suite 235  
Kirkland, Washington 98033  
Phone: (206) 590-1383

Page 2

to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)  Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation) or other person who otherwise possessed or knew the information; and

(9)  Others by Consent. Other persons only by written consent of the producing party or third party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals or electronic copies of such originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

5. **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

6. **Presentment of Confidential Information at Hearing or Trial.**  The provisions of this Order shall not in any way prevent or restrict the presentation of any Confidential Information produced by the parties or their agents to the court at trial or hearing in connection with litigation between the parties except as provided for herein. The parties and their respective counsel shall use their best efforts to maintain the confidentiality of all Confidential Information so submitted, and either party may, at any time, seek the Court's intervention to assure the maintenance of the confidentiality of such Confidential Information. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court, the designating third party, and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such Confidential Information at the hearing or trial.

7. **Filing of Confidential Information with the Court.** This Order does not, by itself, authorize the filing of any document under seal. In the event that a party or the parties and/or their attorneys seek to file Confidential Information with the Court, that party and/or their attorney shall first meet and confer with the designating party or designating third party in accordance with Local Civil Rule 5(g)(3)(A) to determine whether the designating party or designating third party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party or designating third party must identify the basis for sealing the specific Confidential Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

STIPULATED PROTECTIVE ORDER  
Case No. 2:22-cv-00219-JHC

The Bruning Law Firm, P.C.  
4055 Lake Washington Blvd., NE, Suite 235  
Kirkland, Washington 98033  
Phone: (206) 590-1383

Page 3

8. **Use of Confidential Information at Depositions.** Any Party shall have the right to use Confidential Information at or for the purpose of taking depositions as set forth herein. At any deposition, upon inquiry with regard to the content of a document or thing marked confidential, or whenever counsel for a Party deems that a question or the answer to a question may result or has resulted in the disclosure of Confidential Information, the deposition, or portions thereof, may be designated by the affected Party as containing Confidential Information subject to the provisions of this Order. When such designation has been made, the testimony shall be disclosed only to the Qualified Individuals as defined above, and the information contained therein shall be used only as specified in this Order. Further, counsel for the Party whose Confidential Information is involved also may request that all persons, other than the reporter, counsel, and those Qualified Individuals defined above, leave the deposition room during the confidential portion of the deposition. Counsel must designate the affected deposition transcript, or portions thereof, as Confidential Information no later than thirty (30) days after receiving the transcript. Those portions of the transcript so designated shall be separately bound. During the thirty (30) day period, the entire transcript shall be treated as Confidential Information pursuant to this Order; provided, however, that the deponent shall be allowed access to the transcript during this thirty (30) day period in order to review, correct, if necessary, and sign the transcript. After expiration of the thirty (30) day period, if no Confidential Information designations have been made, the entire transcript shall be considered non-confidential. Any documents used at a deposition that are marked Confidential Information shall continue to be treated as such even if the deposition transcript or any part thereof is not designated as Confidential Information. Any court reporter who transcribes testimony in this action shall agree, before transcribing any such testimony, that all testimony related to Confidential Information contained therein, is and shall remain confidential and shall not be disclosed except as provided in this Order; that copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, delivered to all attorneys of record, or filed under seal.

9. **Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.

10. **Objections to Designations of Confidential Information**. This Order is without prejudice to the right of either party to object to the designation of any document, any portion of any deposition transcript or other information as Confidential Information and each party shall be permitted to seek relief from the Court from any of the restrictions provided herein. In the event of a dispute with respect to the designation of any document or other information as Confidential Information, the challenging party, before filing any motion or objection to a confidential designation, must confer in good faith with opposing counsel to resolve the objection informally without judicial intervention. If an agreement cannot be facilitated, then the challenging party may file a motion that sets forth in detail the basis for the challenge without disclosing the Confidential Information. Any motion regarding confidential designations must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the other affected parties in an effort to resolve the dispute without court action. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

STIPULATED PROTECTIVE ORDER  
Case No. 2:22-cv-00219-JHC  

Page 4

The Bruning Law Firm, P.C.  
4055 Lake Washington Blvd., NE, Suite 235  
Kirkland, Washington 98033  
Phone: (206) 590-1383

11. **No Greater Protection of Specific Documents.** This Order is entered based on the representations and agreements of the parties and producing third parties and for the purpose of facilitating discovery. Nothing herein shall be construed as an agreement or admission that any information, document, testimony, or other item designated as Confidential Information is (a) in fact confidential or security-sensitive material; or (b) admissible, a judicial determination, competent, relevant, or material evidence. Except on privilege or work product doctrine grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing for such special protection.

12. **Binding Effect.** This Order shall be binding upon the parties hereto, their attorneys, and the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons and organizations over which they have control.

13. **Persons Bound.** Each person to whom any Confidential Information produced pursuant to this Order are disclosed shall, prior to the receipt thereof, be specifically advised that the documents and any information contained therein are confidential and subject to this Order and may not be disclosed, directly or indirectly, orally or otherwise, to any other person, except in accordance with this Order. Any person (other than the parties, their counsel and employees of counsel in this case) given access to Confidential Information produced pursuant to this Order shall be provided with a copy of this Order, by counsel, and asked to sign an acknowledgement, the form of which is attached to this Order as Exhibit A, that he/she has been advised of the provisions of this Order and that he/she agrees to be bound by the terns contained herein. This shall include informing any court reporter at deposition. Any violation of this Order by any person having received notice of the terms of this Order and having signed an acknowledgement of those terms may subject that person to sanctions for violating this Order.

14. **No Waiver of Privileges or Other Protections.** This Order shall not be construed or deemed to require any party or third party to produce any document or other information that is or is claimed to be protected by any privilege, including without limitation, the disclosure of communications/records/all information given during the course of receiving services relating to mental health and developmental disabilities services, the attorney-client privilege, the work product doctrine, the physician-patient privilege, penitent-clergy privilege, , and/or the accountant's privilege. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

15. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** (a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party or designating third party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. (b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or designating third

STIPULATED PROTECTIVE ORDER  
Case No. 2:22-cv-00219-JHC

The Bruning Law Firm, P.C.  
4055 Lake Washington Blvd., NE, Suite 235  
Kirkland, Washington 98033  
Phone: (206) 590-1383

Page 5

party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party or designating third party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

16. **Challenges to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party or third party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17. **Obligations on Conclusion of Litigation**. Upon termination of this action, counsel for Cary Brinkley and Mark S. Barnhart may retain copies of Confidential Information subject to this Order for their files, but all retained copies of Protected Documents and other information shall remain confidential, pursuant to the terms of this Order. Termination of this action shall not relieve the parties and their counsel, or any other person to whom is disclosed any Protected Document or other information subject to this Order, from the obligations set forth herein, and this Order shall survive the conclusion of this matter, and all documents, transcripts, and exhibits that fall within the purview of this Order shall, pursuant to this Court's continuing jurisdiction, remain confidential wherever they are kept. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains jurisdiction over the parties and recipients of the Protected Document(s) for enforcement of the terms of this Order. Upon request, the parties and/or their counsel of record shall confirm in writing that all copies of Protected Document(s) provided to any person have been destroyed and/or returned to the respective parties' counsel.

18. The provisions of the Protective Order shall not release and/or waive any liability, claim against, or violation of any law by either party as a result of either parties' obtainment or possession of the Protected Documents.

IT IS SO STIPULATED this 15th of June 2023:

| THE BRUNING LAW FIRM, P.C. | FISHER & PHILLIPS LLP |
|---|---|
| By: /s/ Kevin W. Bruning | By: /s/ Dean Petitta |
| Kevin Bruning, WSBA #57653 | Dean Petitta |
| 4055 Lake Washington Blvd., NE | 1700 7th Avenue, Suite 2200 |
| Suite 235 | Seattle, WA 98101 |
| Kirkland, WA 98033 | Telephone: (206) 682-2308 |
| Seattle, WA 98104 | Email: smichael@fisherphillips.com |
| Telephone: 206-590-1383 | Email: dpetitta@fisherphillips.com |
| Email: kbruning@burninglaw.com | *Attorneys for Defendant* |
| *Attorney for Plaintiff* | |

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-00219-JHC

Page 6

The Bruning Law Firm, P.C.
4055 Lake Washington Blvd., NE, Suite 235
Kirkland, Washington 98033
Phone: (206) 590-1383

KARR TUTTLE CAMPBELL

By: /s/ Maria Y. Hodgins
Maria Y. Hodgins
KARR TUTTLE CAMPBELL
701 5th Ave, Suite 3300
Seattle, WA 98104
Email: mmarisseau@karrtuttle.com
Email: mhodgins@karrtuttle.com
*Attorneys for Proliance Surgeons, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party or producing third party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: June 16, 2023

HONORABLE JOHN H. CHUN
United States District Court Judge

STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-00219-JHC

Page 7

The Bruning Law Firm, P.C.
4055 Lake Washington Blvd., NE, Suite 235
Kirkland, Washington 98033
Phone: (206) 590-1383

## **"EXHIBIT A" TO AGREED PROTECTIVE ORDER**

The undersigned acknowledges receipt of the attached Agreed Protective Order entered by the Western District of Washington of the United States District Court In re Cary Brinkley, an individual vs. Mark S. Barnhart, an individual, No. 2:22-cv-00219, on June 15, 2023.

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated May __ 2023 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Western District of Washington in the United States District Court in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Printed Name: _____
Title:           _____


By: _____        Dated: _____