UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARY BRINKLEY, | CASE NO. C22-0219-KKE |
| Plaintiff(s), | ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE |
| v. | |
| MARK BARNHART, | |
| Defendant(s). | |

In October 2023, the Court set this matter for a five-day jury trial to begin on September 30, 2024. Dkt. No. 37. In August 2024, the Court's courtroom deputy contacted counsel for Plaintiff and Defendant to inquire about trial readiness, as the trial date was fast approaching and no dispositive motion had been filed. *See* Dkt. No. 39. The parties expressed an interest in mediation, and did not agree as to whether they were prepared to begin trial as scheduled. *Id*. The Court instructed the parties to file a joint status report by August 12, 2024, detailing their positions on case scheduling. *Id*.

Instead of filing a joint status report, the parties filed separate status reports. Dkt. Nos. 40, 41. Both reports indicated an interest in pursuing private mediation. *Id*. The Court issued a minute order on August 14, 2024, indicating that if the parties' efforts to privately mediate were

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE - 1

unsuccessful, either party could file a motion requesting a judicial settlement conference. Dkt. No. 42.

On August 16, 2024, Plaintiff filed a motion to continue the trial date, indicating that the parties required a continuance in order to mediate, but also that an extension of the deadline to complete discovery (which was May 3, 2024) may be needed to allow the parties to conduct expert discovery. Dkt. No. 43. Defendant opposes the motion on the grounds that a continuance is not needed in order to mediate, and that Plaintiff was not diligent in requestion an extension of the discovery deadline. Dkt. No. 46.

The Court agrees with Defendant that Plaintiff has not shown good cause to extend either the trial date or the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4) (explaining that a scheduling order may be modified only with the court's leave, for good cause); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (1992) (explaining that "good cause" to modify a case schedule exists where the case schedule cannot be followed despite diligence on the part of the party requesting modification). Although Plaintiff has explained why it was logistically challenging to schedule depositions in this matter, those depositions were completed in April 2024 in compliance with the case schedule. *See* Dkt. No. 43 at 2. Plaintiff's briefing does not demonstrate that Plaintiff has been diligent in preparing for trial since then, and that despite this diligence, the current case schedule cannot hold. Although Plaintiff emphasizes that the parties may expend unnecessary resources preparing for trial in a matter that may be settled via mediation (Dkt. No. 51 at 3), the case schedule in this matter has been set since October 2023 and the parties have had ample opportunity to mediate. Under these circumstances, the Court does not find good cause to continue the case schedule nor to renew expired deadlines.

The parties remain free to mediate in an attempt to resolve this case, and it appears that mediation scheduling conversations are ongoing. *See* Dkt. No. 51 at 2–3. But absent a showing

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE - 2

of Plaintiff's diligence, the Court DENIES Plaintiff's motion to continue the trial date and/or reset the discovery deadline.

Dated this 3rd day of September, 2024.

_____
Kymberly K. Evanson
United States District Judge